**W. H. BRADY CO.**, Plaintiff,

v.

**LEM PRODUCTS, INC.**, Defendant.

**No. 76C3444.**

United States District Court,
N. D. Illinois, E. D.

Aug. 4, 1981.

Michael K. Murtaugh, Baker & McKenzie, Chicago, Ill., for plaintiff.

Thomas Reed, Chicago, Ill., Thomas M. Ferrill, Jr., Ferrill & Logan, Fort Washington, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

W. H. Brady Co. ("Brady") brought this action against LEM Products, Inc. ("LEM") for trademark violations and unfair competition. LEM counterclaimed alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and unlawful price discrimination under Section 2(a) of the Robinson-Patman Act (the "Act"), 15 U.S.C. § 13(a).

In its December 19, 1980 memorandum opinion and order this Court ruled on the parties' cross-motions for partial summary judgment on LEM's claim under the Act. Both motions were denied, but this Court entered an order limiting the issues remaining for trial. It did so because LEM had presented evidence supporting possible Robinson-Patman claims as to only 4 of the 47 companies allegedly involved.

LEM immediately moved for reconsideration of that order by proffering a substantial amount of new evidence. In its May 11, 1981 memorandum opinion and order (the "Opinion") this Court granted the motion to reconsider in principal part. However, for the reasons stated in the Opinion it invoked 28 U.S.C. § 1927 ("Section 1927") to require LEM's counsel to satisfy personally the costs, expenses and attorney's fees and costs incurred by Brady because of the motion to reconsider and two related motions to strike. LEM has now moved to vacate that imposition of sanctions. For the reasons stated in this memorandum opinion and order that motion is denied.

### Propriety of Sanctions

On September 12, 1980 Section 1927 was amended to provide:

> Any attorney or other person admitted to conduct cases in any court of the United States or in any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

That provision permits this Court to impose attorneys' fee liability (as well as the court costs and expenses previously permitted) upon lawyers who intentionally abuse the judicial process so as to cause their opposing counsel unnecessary expense and delay. *See, North American Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 297 (S.D.N.Y. 1979).

It is a fundamental principle of procedure, of which LEM's counsel must be considered to have been aware, that all necessary evidence must be presented on a motion for summary judgment. *Southern Rambler Sales, Inc. v. American Motors Corp.*, 375 F.2d 932, 937 (5th Cir. 1967). As the Advisory Committee to the 1963 amendments to the Federal Rules of Civil Procedure put it:

> The very mission of a summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.

That purpose can be served only if there is a *full presentation* of all relevant evidence. By their noncompliance with such a basic and long-established principle of summary judgment procedure, LEM's counsel "multiplie[d] the proceedings . . . unreasonably and vexatiously. . . ."

Brady's arguments in support of its motion for summary judgment were not complex. There was no mystery as to the evidence necessary to refute them.

For the majority of companies involved in LEM's Robinson-Patman claim, Brady contended that LEM lacked standing because it never actually sought to solicit sales from those companies. Meeting that contention obviously called for evidence that LEM's sales representatives *did* in fact attempt to solicit such sales.

Nonetheless LEM's initial briefing of the motions for summary judgment presented evidence of its attempted solicitation of sales from *only 2* of 36 companies. Only after this Court had ruled that LEM's Robinson-Patman claims would be limited to charges of price discrimination involving just those two companies did LEM seek (and obtain) affidavits from salesmen indicating attempted solicitation of sales from 26 of the 36 companies.

As to several other companies, Brady's line of attack was the claimed absence of Brady-LEM competition because Brady's products were sold only through distributors. LEM countered that though sales were consummated by such distributors, Brady itself actually set the prices through its total control over the distributors. This Court initially rejected LEM's argument because it had failed to present any probative evidence in support of its theory. Once again LEM's motion to reconsider presented *new* evidence (the deposition of Brady product manager Carol Vollmar) that raised a factual issue as to whether Brady controlled the prices established by its distributors.

There is thus no doubt of the probative value of the evidence presented in LEM's motion to reconsider—it was sufficient to overcome the previously-granted summary disposition of the factual issues involved. LEM has offered no persuasive showing of its inability to adduce the same evidence *before* the briefing on the original motion for summary judgment had been completed.

Its only "explanation" is that it thought the minimal evidence it initially presented would be sufficient to withstand Brady's motion for summary judgment. But it is precisely by that choice of litigation strategy that LEM's counsel unreasonably and vexatiously delayed this litigation. Motions for summary judgment may not be used as an experiment to determine how much evidence will satisfy the requirements for raising a material issue of fact. *All* relevant evidence must be presented to permit the Court to determine what facts remain in dispute. Parties cannot be permitted to withhold evidence on the theory that if their original submission is found insufficient by the Court it can always be supplemented in a motion to reconsider. Such a practice imposes an intolerable burden on both opposing counsel and the Court.[1]

This Court therefore gave serious consideration to denying LEM's motion to reconsider because of the principle that new evidence should not be considered after such extensive briefing on cross-motions for summary judgment.[2] But the fact that the Court chose to view such a result as too drastic does not mean that it does not have the means to control the conduct of LEM's counsel. By failing to gather and collect evidence that was obviously relevant to an important motion for summary judgment and thereby spawning a motion to reconsider and two motions to strike, LEM's counsel unreasonably and vexatiously multiplied the proceedings within the meaning of Section 1927.

### Amount of the Award

This Court has examined in detail the individual billing slips (totaling $12,587.40 in fees, costs and expenses) submitted by Brady's counsel. Without listing each specific charge that it found non-assessable in

---

1. Indeed the impermissibility of such conduct is aggravated by the fact that LEM's counsel were not only *defending* against Brady's motion for summary judgment but supporting their own cross-motion for the same relief.

2. Judicial language stating the policy against holding back evidence is typically found in rulings that bar the use of such withheld evidence after the party has unsuccessfully opposed summary judgment. *See, e. g., Southern Rambler Sales*, 375 F.2d at 937–38, and cases there cited; 10 Wright & Miller, Federal Practice and Procedure § 2739 at 715.

whole or in part, the Court has rejected various of the proposed charges for the following four reasons:

1. All attorneys' fees requested for time spent before January 16, 1981—the date the motion to reconsider was served on Brady—have been disallowed.

2. Billing slips lacking an adequate description of the services rendered have been eliminated from consideration.

3. All billing with respect to Brady's motion to clarify has also been disallowed.

4. Billing slips that covered multiple motions, some of which were compensable and some of which were not, were treated as having been ratably addressed to the two classes of motions.

After those reductions the remaining fees of Brady's counsel aggregate $9,290.78.

### Conclusion

LEM's motion to vacate the imposition of sanctions is denied. LEM's counsel are ordered to pay the sum of $9,290.78 to Brady on or before August 17, 1981.